UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA LYNN BINSFELD, | No.  2:25-cv-01728-SCR |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  For the reasons that follow, the Court will DENY Plaintiff's motion for summary judgment and GRANT the Commissioner's cross-motion for summary judgment.

## I.  PROCEDURAL BACKGROUND

Plaintiff applied for SSI benefits in September 2021.  Administrative Record ("AR") 74.[1] Plaintiff alleged disability beginning in June 2009, but later amended her alleged onset date to September 2021.  AR 48, 74; *see also* ECF No. 13 at 3.  Plaintiff's application was denied

---

[1]  The AR is electronically filed at ECF No. 10.  When referencing the AR, page references are to the number in the lower right corner of the page, not the CM/ECF generated header.  References to briefs are to the page number generated on the CM/ECF header.

initially, and on reconsideration.  AR 119-123; 132-137.  Thereafter, a hearing was held before administrative law judge ("ALJ") Plauche F. Villere, Jr., on September 8, 2023, at which Plaintiff was present and testified.  AR 54-73.  A second hearing was held on May 8, 2024, at which Plaintiff was present with counsel, along with two medical experts and a vocational expert ("VE").  AR 34-53.

On May 20, 2024, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of the Act.  AR 17-28 (decision).  On April 25, 2025, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-3.

Plaintiff filed this on June 19, 2025.  ECF No. 1.  The parties filed cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner.  ECF Nos. 13 & 15.  Plaintiff did not file an optional reply brief.

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1982, and was 41 years old at the time of the hearing before the ALJ.  AR 58.  Plaintiff has a GED.  AR 60.  Her past work experience included working as a blackjack dealer from 2007 to 2009, and from 2019 to 2021 as a housekeeper at a hospital.  AR 63.

Plaintiff testified she has problems with lower back pain which led to difficulty standing for long periods of time and fatigue.  AR 60.  She testified that she sometimes has difficulty with self care, she can cook, and can drive, but only limited distances.  AR 61-63.  Plaintiff testified she could not work a simple, sit down job because she can only sit for 15 to 20 minutes at a time.  AR 70.  Plaintiff also testified to pain in her hands that causes difficulties holding things – such as when washing dishes, or using a pen to write.  AR 70-71.

Plaintiff testified that she takes medication for Lupus and sees a rheumatologist about once every four months.  AR 63.  She stated she had tried injections for lower back pain.  AR 64.  Plaintiff testified to having insomnia, and that she takes Zoloft for anxiety to help address the insomnia.  AR 66.  She also takes Hydroxyzine.  AR 66.  Plaintiff stated that for her anxiety and depression she was not taking any medication other than the Zoloft and Hydroxyzine, but that she had been referred for therapy, but had not yet gone.  AR 68.  Plaintiff stated she had been taking

2

the medications for six months, and that they sometimes caused dizziness and lightheadedness. AR 71.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive[.]'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Social Security benefits are available for eligible individuals who are "disabled."  42 U.S.C. § 1381a.  An individual is "disabled" if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

*Id.*, §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make her capable of performing her past work?  If so, the claimant is not

disabled. If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity ("SGA") since September 20, 2021, the application date (AR 19).

> 2. [Step 2] The claimant has the following severe impairment: lumbar spine disorder (AR 19).

> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 22).

> 4. [Preparation for Step 4] The ALJ found that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except the claimant is further limited to walking 3 hours at a time, 6 hours total in an 8-hour workday; standing 4 hours at a time, for 7 hours total in an 8-hour workday; occasional postural activities; no working around extremes in temperature, humidity, unprotected heights or moving mechanical parts; simple, routine tasks; occasional interaction with the public; frequent working around coworkers and supervisors; and no production pace or quota-driven work (AR 23).

> 5. [Step 4] The claimant is unable to perform past relevant work (AR 27).

> 6. [Step 5] The claimant was born in July 1982 and was 39 years old, which is defined as a "younger individual" on the application date (20 CFR § 416.964). (AR 27).

5

7. [Step 5, continued] The claimant has a high school education (AR 27).

8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (AR 27).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (AR 27).

10. The claimant has not been under a disability, as defined in the Social Security Act, from September 20, 2021, through the date of the ALJ's decision. (AR 28).

## VI. ANALYSIS

Plaintiff's opening brief presents one issue for review. ECF No. 13 at 3. Plaintiff contends the RFC is incorrect because the ALJ failed to perform a proper analysis of the consistency and supportability of the opinion of Ona Stiles, Ph.D. *Id*. Defendant contends that the ALJ's assessment of Stiles's opinion was supported by substantial evidence.[2] ECF No. 15 at 4.

### 1. **Medical Evaluation by Ona Stiles**

Ona Stiles, Ph.D. ("Stiles"), conducted a comprehensive mental status evaluation of Plaintiff on January 11, 2022. AR 638-642. Stiles observed that Plaintiff appeared in casual appropriate attire and grooming was adequate. AR 638. Plaintiff "presented in a friendly manner, made good eye contact, and facial expression was normal." AR 638. Plaintiff "interacted appropriately with the examiner and office staff throughout the evaluation." AR 638.

Plaintiff reported depression and anxiety. AR 638. She reported that anxiety was interfering with her sleep. AR 638. She stated she had been having these symptoms for at least ten years, but they were getting "worse and more persistent." AR 638. She reported that she had tried medications, but not talk therapy. AR 638. Plaintiff reported "no significant difficulties

---

[2] Defendant further argues that Plaintiff has waived any other challenge to the Commissioner's final decision by raising only one issue in the opening brief. *Id*. at 3. Plaintiff did not file an optional reply brief to counter Defendant's waiver assertion. Accordingly, the Court will address only the one issue clearly presented.

with shopping, self-care, or independent living." AR 640. On the mental status exam, Stiles described Plaintiff as cooperative, alert, fully oriented, and with intact intelligence. AR 640. Her attention and concentration were both rated as "fair to good." AR 640. Her intelligence and judgment were intact, and memory was adequate. AR 640-41. Plaintiff's mood was "dysthymic" and she cried, and her affect was described as "congruent with mood." AR 641.

Stiles found that Plaintiff was not limited in her ability to understand, remember, and perform simple written and oral instructions. AR 641. However, as to complex instructions, Plaintiff was "moderately limited because of distraction and low motivation due to depression and anxiety." AR 641. Stiles assessed that Plaintiff was "markedly limited" in her ability to maintain regular attendance, and "moderately to markedly limited" in her ability to complete a normal workday or workweek without interruption from her psychiatric condition. AR 641-42. As to her ability to interact with coworkers and the public, Stiles assessed moderate limitations. AR 642. Stiles found Plaintiff was not significantly limited in her interactions with supervisors and was capable of managing funds. AR 642.

With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which changed the framework for evaluation of medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b); *see also Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies. Now an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

The factors for evaluating the persuasiveness of a physician opinion include

7

supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 416.920c(b)(2).

The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. *Id*. at 792. In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

The ALJ found Stiles's opinion unpersuasive: "While the undersigned has considered Dr. Stiles's observations at the consultative examination when assessing the claimant's mental functional limitations, the undersigned finds Dr. Stiles's conclusions unpersuasive, as they are not consistent with or supported by the longitudinal evidence of record, which generally reflects normal mental status examinations." AR 21. The ALJ additionally stated that, "Dr. Stiles's conclusions are not consistent with or supported by her own observations at the examination, which reflect that the claimant had intact intelligence, concentration, judgment, and insight." AR 21.

The ALJ clearly engaged in a supportability and consistency analysis. Plaintiff argues it was not a "proper" analysis. ECF No. 13 at 15. Plaintiff contends the ALJ "cherry picked" from the record and "relied upon vague reference to purportedly normal examination findings." *Id*. at

8

19.  Plaintiff also appears to contend that the ALJ improperly used the supportability and consistency terms interchangeably, or conflated them.  *Id.* at 20.  Defendant contends that the ALJ's decision is supported by substantial evidence and that the ALJ may find an opinion unpersuasive based on it being either unsupported or inconsistent with other evidence.  ECF No. 15 at 5.

The Court does not find the ALJ improperly cherry picked the record.  The ALJ provided several citations to the record in which the source found Plaintiff's mental status examinations were generally within normal limits.  AR 20, citing 478, 620, 627, 646, 652, 747, 898, 911, 920, 944, 948, 989, 1031, 1038, 1044.  The ALJ's citations to the record support the ALJ's conclusion.  For example, the ALJ cites an office visit of August 2021, where Plaintiff presents with "normal mood and affect" and good judgment.  AR 478.  At another visit in August 2021, Plaintiff is described as having "normal mood and affect" and being "active and alert."  AR 620.  Again, in September 2021, Plaintiff is described as presenting with "normal mood and affect."  AR 627.  The ALJ's other references are similar.  *See for example* AR 646 ("normal mood and affect", good judgement, normal memory); AR 747 ("cooperative", "no mood swings or psychotic features", "insight is good"); AR 948 ("Does not appear anxious or withdrawn.").

A litigant's conclusory allegation of cherry picking is generally not useful to the Court's review.  Social security records are voluminous and often contain evidence that both supports and undermines the claimant's arguments.  *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284-85 (6th Cir. 2009) (acknowledging a cherry picking argument often "cuts both ways" and finding "little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence").  As discussed above, the ALJ cited several instances of generally normal findings, and Plaintiff's argument does not demonstrate the ALJ ignored contrary evidence.

As for Plaintiff's second argument, that the ALJ improperly used the terms interchangeably, the Court disagrees.  The ALJ considered supportability when he found Stiles's opinion not "supported by her own observations at the examination."  AR 21.  The ALJ considered consistency when he referenced the numerous other generally normal mental status

exams in the record.  In *Woods v. Kijakazi*, 32 F.4th 785, 793 (9th Cir. 2022), the Ninth Circuit affirmed the ALJ's decision despite some imprecision with the supportability and consistency language.  The Ninth Circuit stated: "The ALJ described Dr. Causeya's opinion as 'not supported by' the record, but the ALJ plainly did not intend to make a supportability finding . . . Rather, the ALJ meant only that Dr. Causeya's opinion was inconsistent with other record evidence." *Id.* at n.4.  The Ninth Circuit found the ALJ's meaning "clear from context", but also cautioned that ALJs "should endeavor to use these two terms of art—'consistent' and 'supported'—with precision." *Id*.

The ALJ's assessment of Stiles's opinion is supported by substantial evidence.  The ALJ explained that he found the opinion to be inconsistent with numerous generally normal mental status exams.  The ALJ also found convincing the opinion of Dr. Peterson, who testified at the hearing and found that Plaintiff's mental limitations were generally mild to moderate.  AR 26.  The ALJ additionally considered the opinions of state agency consultants.  AR 26.  One such consultant, Dr. Joynson, Ph.D., found that Plaintiff had no limitations in her ability to understand, remember or apply information, or to interact with others.  AR 26.  The ALJ rejected Joynson's opinions as unpersuasive because they were not consistent with the longitudinal record "which reflects that [Plaintiff] suffers from anxiety and depression, which, in combination, cause mild impairments in [Plaintiff's] ability to function cognitively and socially."  AR 26.  The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).  The ALJ weighed the varying medical evidence and opinions and reached a conclusion.  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Court finds the ALJ's conclusion is supported by substantial evidence.

## VII.  CONCLUSION

A plaintiff has the burden to prove disability.  *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) ("The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish entitlement to disability

insurance benefits.") (cleaned up).  The ALJ found that Plaintiff did not meet his burden, and that decision will be upheld if it is supported by substantial evidence.  *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).  This evidentiary threshold "is not high … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 103.  The Court finds the ALJ's decision meets the substantial evidence standard.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiff's motion for summary judgment (ECF No. 13) is DENIED.

2.  The Commissioner's cross-motion for summary judgment (ECF No. 15) is GRANTED.

3.  The Clerk shall enter Judgment for Defendant and close this case.

SO ORDERED.

DATED: June 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11